**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

ABDULLAH KOROGLU,

Petitioner,

v.

DAVID J. VENTURELLA, et al.,

Respondents.

No. 5:26-cv-05153-AYP

**ORDER GRANTING PETITION AND ISSUING WRIT FOR HABEAS CORPUS**

## I. SUMMARY

Petitioner Abdullah Koroglu ("Petitioner") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). Petitioner is currently detained by Immigration and Customs Enforcement ("ICE") at the Adelanto ICE Processing Center in Adelanto, California. In this habeas action, Petitioner challenges the legality of his re-detention and continued civil confinement, asserting that Respondents violated the Due Process Clause of the Fifth Amendment by revoking his liberty without notice, without an opportunity to be heard as to whether he poses a danger or a flight risk, and absent a material change in circumstances warranting his sudden re-detention.

Having reviewed the Petition and consistent with several recent decisions in this District, the Court ORDERS that the Petition be granted, and a writ of

habeas corpus be issued requiring Petitioner's immediate release and prohibiting future re-detention absent adequate pre-deprivation notice and an individualized hearing.

## II. FACTS AND PROCEDURAL HISTORY

Petitioner represents that he is a native and citizen of Turkey. (Dkt. No. 1 at 5, ¶2.) Petitioner contends that he entered the United States on or about June of 2022 seeking asylum, withholding of removal, and protection under the Convention Against Torture based upon his fear of persecution and torture. (Dkt. No. 1 at 5, ¶1-2.) Petitioner asserts that upon his entry into the United States he was placed in removal proceedings and subsequently released into the community. (Dkt. No. 1 at 5, ¶2-3.) Petitioner represents that he complied with ICE supervision requirements and appeared for regular ICE check-ins for approximately two (2) years following his release into the community. (Dkt. No. 1 at 5, ¶3.) Petitioner contends that when he appeared for an ICE check-in on or around October 2023, ICE officials informed him that he was no longer required to appear for ICE check-ins. (Dkt. No. 1 at 5, ¶4.)

Petitioner represents that during the time of his residence in the United States he has lived openly in the community, maintained regular employment as a driver, and developed ties to the community. (Dkt. No. 1 at 3, ¶6.) Petitioner asserts that he has no criminal history and that ICE authorities have not made any accusation suggesting that he has committed a crime, poses a danger to the community, or has engaged in conduct demonstrating that he intends to flee from his immigration proceedings. (Dkt. No. 1 at 6, ¶7.)

Petitioner asserts that he was suddenly apprehended by ICE officers at a grocery store while he was en route to begin work as an Uber and DoorDash driver on August 29, 2026. (Dkt. No. 1 at 6, ¶9.) Petitioner represents that he was taken into immigration custody and remains detained at the Adelanto ICE

Processing Center as of the filing of the Petition. *Id.*

Petitioner filed the instant habeas corpus petition pursuant to 28 U.S.C. § 2241 on September 4, 2026. (Dkt. No. 1.) The Court issued a Notice of General Order 26-05 and Briefing Schedule ("Notice of General Order") (Dkt. No. 4) on September 8, 2026. The Notice of General Order "establishes a case assignment and scheduling procedure to address the influx of petitions for writs of habeas corpus filed by persons seeking immigration-related relief ('§ 2241 Immigration Petitions') and to facilitate their expeditious resolution" (Dkt. No. 4 at 3.) The Notice of General Order additionally sets forth that Respondents' Notice of Appearance is due within three (3) calendar days after the Clerk's Office issues the scheduling notice, and Respondents' Answer is due within seven (7) calendar days after the Clerk's Office issues the scheduling notice. (Dkt. No. 4 at 5.) The Court notes that, as of the date of the issuance of this Order, it has been approximately twenty (20) days since the the Clerk's Office issued the scheduling notice and Respondents have not entered their appearance. (Dkt. No. 4.) Accordingly, the court construes Respondents' failure to file an Answer by the deadline as a concession. (*See* e.g., Centeno v. Mullin, 2026 WL 1123447, *3 (C.D. Cal. 2026) (granting habeas petition where respondents failed to file an answer to the petition); *Soleimani v. Larose*, 2025 WL 3268412, *3 (S.D. Cal. 2025) (granting habeas petition where government's response to the petition failed to respond to numerous claims raised in the petition, including a Fifth Amendment due process claim); *Singh v. Chiang*, 2025 WL 4058328, *4 (C.D. Cal. 2025) (construing government's failure to oppose argument raised by habeas petitioner as a concession). Petitioner has consented to proceed before the Magistrate Judge. Given Respondents' failure to appear, the matter is now submitted for decision.

## III. DISCUSSION

Petitioner argues that his re-detention and continued civil confinement

violate the Fifth Amendment's guarantee of due process because Respondents revoked his conditional liberty without providing notice, without any opportunity to contest whether he posed a flight risk or a danger to the community, and without any material change in circumstances. Petitioner therefore seeks immediate release, arguing that Respondents' actions contravened the procedural protections the Constitution requires before depriving an individual of liberty.

**A. Legal Standard**

Writs of habeas corpus may be granted by the federal courts to noncitizens in the custody of immigration authorities. 28 U.S.C. § 2241(c)(3) ("The writ of habeas corpus" extends to individuals "in custody in violation of the Constitution or laws or treaties of the United States."); *Doe v. Garland*, 109 F.4th 1188, 1194 (9th Cir. 2024) (holding that petition challenging alien's detention without bond hearing fell within the "core of habeas"). The writ is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004).

"In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). The Fifth Amendment provides that "[n]o person shall ... be deprived of ... liberty ... without due process of law." U.S. Const. amend. V. That protection extends to all persons in the United States, "including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *See Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

"Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty [the Due Process Clause] protects." *Id.* at 690. "Even individuals who face significant constraints on their liberty or over whose liberty the government wields

significant discretion retain a protected interest in their liberty." *Garro Pinchi v. Noem*, 792 F.Supp.3d 1025, 1032–33(N.D. Cal. 2025) (collecting cases).

In *Morrissey v. Brewer*, the Supreme Court recognized that the decision to release a criminal defendant from custody on parole creates "at least an implicit promise that parole will be revoked only if he fails to live up to the parole conditions," generating a liberty interest that "is valuable and must be seen as within the protection of" due process. 408 U.S. 471, 482 (1972). District courts in this circuit consistently recognize that this principle extends to individuals subject to removal proceedings; "[j]ust as people on preparole, parole, and probation status have a liberty interest, so too does [a noncitizen] have a liberty interest in remaining out of custody on bond." *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 969 (N.D. Cal. 2019); *accord Garro Pinchi*, 792 F.Supp.3d 1025, 1032–33 (collecting cases for the proposition that "even when ICE has the initial discretion to detain or release a noncitizen pending removal proceedings, after that individual is released from custody she has a protected liberty interest in remaining out of custody").

**B. Analysis**

Federal courts must decide cases based on the arguments the parties present. *See United States v. Sineneng-Smith*, 590 U.S. 371, 375–76 (2020); *Greenlaw v. United States*, 554 U.S. 237, 243 (2008). That rule follows from the party presentation principle: "In our adversarial system of adjudication . . . in both civil and criminal cases, in the first instance and on appeal . . . we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *Sineneng-Smith*, 590 U.S. at 375 (2020) (cleaned up). The Supreme Court recently reminded the lower courts that they are "essentially passive instruments of government" who must stick to the narrow questions teed up by the parties. *Margolin v. Nat'l Assoc. of Immigration Judges*, 146 S. Ct. 1285, 1288 (2026) (citation omitted). Or, put more colorfully,

"courts 'call balls and strikes'; they don't get a turn at bat." *Clark v. Sweeney*, 607 U.S. 7, 9 (2025) (quoting *Lomax v. Ortiz-Marquez*, 590 U.S. 595, 599 (2020)).

Petitioner argues that his detention without pre-deprivation process violated his procedural due process rights and that the proper habeas remedy is an order of release. (Dkt No. 1 and Dkt. No. 6.) His argument is one that has been accepted by numerous courts in this Circuit, including this one. [*See, e.g., Nolasco Ventura v. Semaia,* No. 5:26-CV-03952-AYP, 2026 WL 2247523, at *1 (C.D. Cal. July 31, 2026); *Manshavi v. Warden of Desert View Annex Det. Facility*, No. 5:26-CV-01654-AYP, 2026 WL 1195997, at *1 (C.D. Cal. Apr. 24, 2026); *Cruz v. Lyons*, No. 5:25-CV-02879-MCS-MBK, 2025 WL 4051129 (C.D. Cal. Nov. 6, 2025).]

The Court is further guided by Respondents' failure to respond to Petitioner's claims, which constitutes forfeiture of any arguments they could have made in opposition. *See Martinez v. Sessions*, 873 F.3d 655, 660 (9th Cir. 2017) ("The government does not offer any argument on the merits of this petition; therefore, it has waived any challenge to the arguments [the opposing party] raised."); *Am. Int'l Enters., Inc. v. F.D.I.C.*, 3 F.3d 1263, 1266 n.5 (9th Cir. 1993) ("Issues raised in the brief that are not supported by argument are deemed abandoned."). And where the opposing party offers no reason to reject a particular claim, the Court is not duty-bound to go find a reason for them—indeed, the party presentation principle requires it to do the opposite. *Sineneng-Smith*, 590 U.S. at 375-76 ("[A]s a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief.") (cleaned up).

As such, the Court need not decide whether it agrees with the merits of Petitioner's claims in all respects; it simply acknowledges that his claim that his detention is without lawful authority is unrefuted. As numerous other courts

have found in such circumstances, the Petition should therefore be granted based on Respondents' failure to oppose the primary relief sought. *See, e.g., Barajas-Bautista v. Warden, Desert View Annex*, No. 5:26-cv-03135-SK, 2026 WL 2058433, at *2 (C.D. Cal. July 13, 2026) (granting petition and ordering release where the respondent did not oppose granting a bond hearing but did not address the petitioner's remaining claims; noting "Respondents, who alone possess petitioner's A-file, his Form I-213, and his criminal history record, filed nothing and denied nothing"); *Soleimani v. Larose*, No.: 25-cv-3082-DMS-DEB, 2025 WL 3268412, *3 (S.D. Cal. 2025) (granting habeas petition where government's answer to the petition did not respond to all claims in the petition, including a Fifth Amendment due process claim); *Singh v. Chiang*, No. ED CV 25-3024 FMO (SP), 2025 WL 4058328, *4 (C.D. Cal. 2025) (construing government's failure to oppose argument raised by habeas petitioner as a concession); *N-E-M-B v. Wamsley*, No. 3:25-cv-989-SI, 2025 WL 3527111, at *1 (D. Or. Dec. 9, 2025) ("Respondents do not challenge any aspect of the Petition on the merits and thus the Court finds that Respondents have waived such challenges and conceded those aspects of the Petition.").

The Court analyzes Petitioner's due process claim under the familiar *Mathews v. Eldridge* framework, which considers: (1) the private interest at stake; (2) the risk of erroneous deprivation; and (3) the Government's interest. 424 U.S. 319, 335 (1976). It thus appears, from the uncontested record before the Court, that:

1) Petitioner had a substantial private liberty interest in remaining out of custody;
2) The risk of erroneous deprivation of this liberty interest was high absent the procedural safeguard of a pre-deprivation hearing before a neutral decisionmaker; and
3) No countervailing government interest has been identified that could

outweigh the need to protect Petitioner's liberty interest with a pre-deprivation hearing.

4) The Due Process Clause therefore entitled Petitioner to notice and a hearing prior to any re-arrest or detention.

As there is no evidence that such process was provided prior to Petitioner's re-detention, that re-detention violated the Due Process Clause.

## IV. CONCLUSION

For the foregoing reasons, IT IS ORDERED that: (1) Judgment be entered granting the Petition; (2) a writ of habeas corpus be issued requiring Petitioner Abdullah Koroglu's (A#241-752-919) immediate release and restoration of liberty to the conditions existing prior to August 29, 2026, along with his personal belongings, including his identification, passport, work permits, and other documentation, and preventing his re-detention absent pre-deprivation notice and a constitutionally adequate pre-deprivation hearing at which the Government must justify the need to confine him prior to his re-detention; (3) Petitioner's Request to Expedite (Dkt. No. 6) is DENIED as moot; and (4) the parties shall file a joint status report no later than seven (7) days from the date of this Order confirming that Petitioner has been released from Respondents' custody. Additionally, the Petitioner and the Court shall be provided with at least three (3) days notice prior to Petitioner being removed from this jurisdiction.

IT IS SO ORDERED.

DATED: September 29, 2026

ANNA Y. PARK
UNITED STATES MAGISTRATE JUDGE